```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
```
ALLEN PROCTOR,

                                Plaintiff,

                    - against -

DOREEN A. QUINN, Chief Clerk, Surrogate's
Court, Kings County,

                                Defendant.
```
----------------------------------------------------------x
```

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-833 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

        On February 6, 2019, Plaintiff Allen Proctor ("Plaintiff") filed the above-captioned *pro se* complaint while incarcerated at Auburn Correctional Facility. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

        According to the complaint, Plaintiff mailed *pro se* verified objections to a petition for probate in Kings County Surrogate's Court on December 11, 2018 and December 19, 2018. (Complaint ("Compl."), Dkt. 1, at 4.) Plaintiff alleges that the Chief Clerk of the Surrogate's Court, Defendant Doreen Quinn ("Defendant"), "violated [P]laintiff's constitutional rights of due process, equal protection, and access to the court by intentionally failing (refusing) to file and/or calendar" his objections. (*Id.*) He asserts that Defendant has "an unconstitutional (and secretive) policy of refusing to accept and/or file pleadings of self-represented, indigent, and/or incarcerated petitioners." (*Id.*) Plaintiff states that he sent letters requesting the status of the petition and has not received any reply. (*Id.*) He attaches a letter dated January 3, 2019 addressed to Surrogate Diana A. Johnson and a letter dated January 18, 2019 addressed to Defendant. (*Id.* at 9–10.) Both

letters refer to "Proctor's Will," but neither letter provides a full name or docket number. (*Id*. at 7–10.) One letter states "File # unknown." (*Id*. at 9.) The letters request confirmation that the Surrogate's Court's has received Plaintiff's submissions and seek an explanation of the delay in filing. (*Id.* 7–10.)

Plaintiff asserts that the failure to file his objections constitutes a violation of his constitutional rights, causing him to suffer from "mental anguish and depression." (*Id*. at 4.) He seeks $4 million in compensatory and punitive damages. (*Id.* at 5.) He also seeks injunctive relief "to have the petition objecting to probate to be filed and calendared in Surrogate's Court, Kings County." (*Id.*)

**STANDARD OF REVIEW**

In civil actions where a prisoner-plaintiff seeks redress from a governmental entity or from officers or employees thereof, 28 U.S.C. § 1915A requires this Court to review the complaint and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint 1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or 2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 678 (2009).  Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff's claim for damages must be dismissed because Defendant is immune from suits for damages.  It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988).  The absolute immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted).  This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction."  *Id.* at 11–12.

Absolute judicial immunity extends to court clerks who are performing tasks "which are judicial in nature and an integral part of the judicial process."  *Rodriguez v. Weprin*, 116 F.3d 62,

66 (2d Cir. 1997); *see also McKnight v. Middleton,* 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) ("[A] clerk's acts that implement judicial decisions or that are performed at the direction or under the supervision of a judicial officer come under the ambit of judicial immunity.") The "court's inherent power to control its docket is part of its function of resolving disputes between parties" and is thus "a function for which judges and their supporting staff are afforded absolute immunity." *Rodriguez*, 116 F.3d at 66; *see also Pikulin v. Gonzalez,* No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (finding that absolute judicial immunity extends to "the Clerk's Office activities of filing and docketing legal documents").

In this case, the only factual allegations against Defendant are that she failed to send notice to Plaintiff that his verified objections were received and filed in an unidentified probate petition, and has not yet responded to his January 18, 2019 letter requesting information about his submission. Defendant's role in filing court documents and responding to litigants' requests is clearly part of her judicial responsibilities and is thus within the ambit of judicial immunity.

Further, Defendant is also protected by the Eleventh Amendment. The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("[T]he New York State Unified Court System is unquestionably an 'arm of the State, and is entitled to Eleventh Amendment sovereign immunity." (citation omitted)). As a state official, Defendant is shielded from suit by sovereign immunity for any actions committed in her official capacity. Because it is clear from the face of the complaint that judicial immunity and sovereign immunity doctrines shield Defendant from suits for damages, Plaintiff's claims for damages are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

To the extent that Plaintiff seeks injunctive relief, this claim is precluded by the Federal Courts Improvement Act of 1996, which provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983). Plaintiff has not alleged that a declaratory decree was violated, nor has he claimed that he is unable to seek declaratory relief through the state courts of New York.

Even if Defendant was not immune from suit, the complaint would still fail to state a plausible claim for relief. Plaintiff asserts that his constitutional rights have been violated, but the gravamen of the complaint is that Defendant failed to respond to his request for information about objections that he submitted in a case that he vaguely identified only as "In re Proctor's Will." Although he states that Defendant "intentionally fail[ed] to file" his objections, the only factual basis for this claim is that Plaintiff has not received a status report or proof of filing. These allegations do not provide a basis on which this Court may infer a violation of Plaintiff's constitutional rights. Accordingly, the complaint is also dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted and because the sole Defendant is immune from suit. Because the facts alleged in the complaint make clear that Plaintiff cannot allege a viable § 1983 claim against Defendant, the Court does not permit him to amend. *See Russ v. Chavers*, No. 10-cv-1370 (SLT) (JO), 2012 WL 170007, at *3 (E.D.N.Y Jan. 19, 2012) (denying *pro se* plaintiff leave to amend where all named defendants were immune from liability

under § 1983). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 19, 2019
      Brooklyn, New York